Case number 23-5069 Fleta Christina C. Sabra, Appellant v. United States Customs and Border Protection Mr. Fels for the appellant, Mr. Walker for the appellant Good morning Good morning. May it please the Court, my name is Andrew Fels and I represent the appellant Khalila Sabra against the Appellee Agency CBP As I will address, there has been no adequate search of CBP's records in the past 7 years The best illustration of this point is comparing the declaration on page 138 with the CBP policy that is now in the record and looking at the mismatch between those In theory, for a routine search of civil rights investigation records like this search it should be a simple matter of going through the relevant policy and matching the agency declaration with that policy We don't have that here and the declaration itself is, I think, inadequate in part because it does not address internal affairs to begin with It only describes the search of 5 employees' emails Can you step back a little bit and say specifically what language in the policy you're referring to when you say that the match is not comparable? The major points here are in the policy You've got 8.2, 8.3, CRCL communications with the CBP commissioner and deputy commissioner That's one of the primary communications that is not here It is missing and there has been no search for those records according to the declaration and that seems to be key Certainly, the deputy commissioner email that was introduced in the response to the second motion for summary judgment indicates that there is, in fact, an ongoing conversation between CRCL and the commissioner And what I would say is you would agree that it doesn't have to match specifically your FOIA request, right? That any search would not have to match a specific FOIA request No, it would not have to match that And then it doesn't have to be specific terms as to what you as a complainant are requesting Yes Okay, and so in here I feel like there's two areas that would be of concern to you One is not having the use of your client's full name as opposed to breaking it up into parts by saying Sabra and then saying two other portions of her name But you felt like the full name should be there Yes, Your Honor And then I'll ask the other side about the technology as to whether or not that search term would have on its own gotten to the full name just by putting in Sabra at least, okay? So that's one area And then as to the McAleen email, I think where you're headed on that is that you asked specifically for searches with respect to the encounter and the investigation And you believe that the investigation was not searched because they only dealt with witnesses, not people who were actually involved in the investigation And that the McAleen email would have led you there Yes, Your Honor, it's hard to speak to some of the factual underpinnings here And certainly the agency has afforded a presumption that it follows its own policy And so under my Electoral Diversity Center, it seems like it would have gone through all of those steps in its policy And hence that we could have expected all of those records to be made available And one of the key areas of the motion for summary judgment, of course, is the existence of the Office of Internal Affairs The McAleen email discusses at some length that – or sorry, it does not discuss at some length But there are email addresses there that are linked to or referenced to the Office of Internal Affairs, IA And under the policy, it's the Office of Internal Affairs that is doing all of the investigation Isn't that just a – I mean, isn't that argument just formalistic? I mean, there was an Office of Internal Affairs that's been renamed the Office of Professional Responsibility And the agency made clear that it searched those records Whatever the office is called, you know, the agency states that it searched the records of that office So the fact that the name changed doesn't seem to suggest that the agency's search was unreasonable Which is, after all, the overall standard I think part – to answer in two parts One is there is the question of when was it renamed to begin with? And also, if under 552A2, the agency is required to make public all of its policies In part because, as this case touches on, people are filing FOIA requests for those records Here, the public policy says it's the Office of Internal Affairs that is doing this investigation And now we've got – Isn't that public information, though, about the name change? It's not within the policy itself But I'm talking about the renaming of it is public information Renaming of the agency I just feel like you're kind of splitting hairs in that regard, along with Judge Rao's question And it may be that ultimately that these are exactly the same offices But again, going back to the idea of the agency must make all of its policies public If you've renamed the body that is investigating your civil rights complaints And CBP being the largest law enforcement body in the United States, that's critical It does seem important that your policies reflect who is, in fact, in charge of this Because we get into some debate here regarding whether or not and to what extent This should have been referred to CRCL or OIG As written, if I go on the website and I look up and see who is supposed to have done my investigation Currently, it's the Office of Internal Affairs But you're not making an allegation that they didn't, in fact, search the correct office You're just saying that the policy uses the name of the old office So again, I'm not sure how that says anything about the reasonableness of the agency's search And even if that is the same, that these are exactly the same offices And they conduct exactly the same kinds of searches That still leaves us with the question of whether it would have been reasonable To search for CRCL communications with the commissioner of CBP And that's one thing that does not seem to have changed And the declaration certainly does not address why this was reasonable to not search those emails Or not search for those communications It simply says that we searched the five emails of these particular CBP employees To me, that's a different question The agency, even in turning names, changing over to a different name They produce those documents and they indicate so about the name change But if you're asking about the emails, that's what I was going to earlier That goes to a difference in only searching witnesses Versus searching anybody involved in the investigation Which did not necessarily be limited to those five witnesses Yes, Your Honor, and yes, I believe she was originally seeking And is there anything that you've been made aware of that suggests that something will turn up If that search was different? I believe the McAllen email itself is indicative of the fact that the agency Was in fact following its own policy in this regard And that there would have been that follow-up communication And certainly that does seem to be the presumption That it would have been following its own policy Let me just see if my colleagues have any further questions You also mentioned the incident case number Why do you believe that's relevant to be part of the search? The incident case number, it's certainly not clear to me from this perspective To what extent that is used, say, as an email header Or something that is used in the body of communications To discuss a particular event To say, you know, this is about case number dot dot dot As opposed to saying this is about, you know, Khalil Sabra Or whichever name is being used And then you also indicated that they should have asked other component agencies Or either sent these same requests to other agencies That might have been related in some regard Yes, Your Honor Did you FOIA other agencies? I was not the trial counsel Or trial counsel I don't think so I don't know if he would have But that could have been done separately It could have been It appears that this policy was not released until 2020 So it's unclear how anyone would have known How CBP conducted its investigations until that time But I'm saying when you say When I asked him the question about FOIA other agencies Anybody you, meaning you, your client, your entity To specifically query those agencies separate and apart from CBP I think here No, I don't think they did that And I think in part because it is CBP relies in large part on CRCL Which is a different part of the DHS To do a lot of its investigative work According to its policy And, you know, in 2017 I'm not sure how they would have known that The policy existed But as in the reading room It's listed as being posted in 2020 So this would have been three years later Good morning, Your Honors May it please the Court Johnny Walker on behalf of U.S. Customs and Border Protection I want to start by addressing the policy Because my friend has made much of the case on appeal about that policy As a procedural matter That policy was never brought up in the District Court Now the posting on the reading room That he cites in his brief Was posted in March of Or, I'm sorry It was posted in 2020 February of 2020 One month before this complaint was filed And one year before the party's brief summary judgment So that policy was available to the plaintiff At the time they made their summary judgment arguments in the District Court But it was never raised in the District Court Where we could have built a record about it But the policy on its face Does not implicate the creation of any additional emails Or any additional investigations Other than what's been provided They rely on these sections I think it's 8.2 and 8.3 Those are provisions that have to do with situations Where the Department of Homeland Security's Office of Civil Rights and Civil Liberties Makes recommendations for corrective action Following a report There were no recommendations for corrective action Made in this instance And so it's unsurprising that there would be any Not be any additional emails Involving Mr. McAleenan The Office of Diversity and Civil Rights at CBP Or the Office of the Commissioner of CBP So I want to go along the line of some of the questioning that I had To your colleague There's been an intervening case, American Oversight Are you familiar with it? I'm familiar with a few American Oversight cases Well this particular one holds that an agency affidavit Must provide a detailed explanation Of an agency's failure To use obvious alternative search terms So I want to start with the name Because you did not use the entire name In the search mechanism Is there a reason for that? Because I just don't know if that would have gotten Some different information It would not have, your honor So if they used She has a four part name Ending in Sabra, right? So if her four part name with spaces in between Appeared in a document Simply searching that term Sabra Would find any instance where her full name appeared And just to be overly cautious And ensure that its search was complete Her last two names are Cousin Sabra Those generally appear on the documents With a space in between But just to capture any document Where they may happen to not appear With a space in between The agency also searched with them Without a space in between And with a hyphen in between So they cast a very wide net here In addition to her name They also searched terms associated With the individuals with whom she was traveling And assisting to apply for asylum So they searched the terms Syria, Syrians, and Syrian And that returned I think something like over 13,000 pages of documents It was an incredibly wide net That they then went through to find any documents That were actually specific to her request Okay, and then what about the response time? Because it said you were supposed to do it On the expedited basis for 10 days It took over a year So I'm just curious as to whether or not You all ever followed the provision of expedited time I know that within a few days Of her submission of a FOIA request And request for expedited processing There was an acknowledgement sent to her That informed her that her request Was being placed on the simple track Not an expedited processing track But I think our more general point there Is that once the agency produces all of the records The question then becomes whether or not That the redactions are adequate Whether the search is adequate Here the only issue of course Is whether the search was adequate And the timing of the agency's request becomes moot I think this court recognized that In the Payne Enterprises case Or said as a general and individual FOIA request Once the releases are complete The question of timing becomes moot There's an exception for policy or practice claims But that's not a claim That the plaintiff has presented here And then with respect to the investigations Or Deputy CBP Commissioner's involvement How do you all get beyond Only that email being produced When they specifically asked about investigations Not just the border issue So I think there's two separate questions there One is whether or not the policy indicates That Mr. McAleenan would have had any additional records And then there's the separate question Whether the one email that was produced Indicates whether Mr. McAleenan Would have any additional records I think I've addressed the policy That he would only be involved If there were findings and recommendations There weren't here With respect to the one individual email The question becomes whether or not That email provides a clear and certain lead That there are other documents available And our position is that it does not It's an email forwarded from the Office of Civil Rights And Civil Liberties That simply informs Deputy Commissioner McAleenan That this complaint has come in It doesn't indicate that he is going to Be kept further apprised of the investigation Of that complaint Or that he would have any further involvement In the investigation of that complaint It's a purely one-time informational email And so it does not present a clear and certain lead But do you not see a distinction between Witnesses versus who is part of the investigation Because witnesses seems to focus on What happened at the border Versus who then receives the internal investigation And then their involvement I see the distinction I think the only argument That Plaintiff has made in this case Is that it was Mr. McAleenan Who would have been involved In additional investigations And I don't think there's any need to Conduct further investigations with him Because there's no indication That he would be further involved In the investigation The distinction between So I think you have to go back To the language of the FOIA request The FOIA request specifically requested documents About the encounter itself Between Ms. Sabra and the five CBP agents And I think it was reasonable To search the way CBP did Which was to identify Every agent with whom she encountered And every agent that witnessed that encounter And to conduct an expansive search Of their emails Using expansive search terms Over the course of six months Which would have included The time immediately following the encounter Would have encompassed The time during which The investigation was conducted And then CBP also searched A number of different databases Where it knew information About that encounter may be stored That includes the SGMA database Where they record records About encounters at border crossings And detentions It includes the E-STAR database Which includes any records About uses of force It includes the Joint Integrity Case Management System Where they have stored any records About investigations Because they knew an investigation Had been conducted And it included the Chief Counsel tracking system Which is where they store Any sort of legal documents And then the other thing That I would ask is When you all put your searches out there You seem to have used different terms At different agencies Like in other words There wasn't one blanket search And then it went to all the agencies Why is that? I think there is Largely consistency between The only sort of distinction That I know of Is that many of the agencies Searched Ms. Sabra's name Whereas the email search Was both Ms. Sabra's name And sort of the Syrian variations And I think that's just sort of The minor differences there Just sort of a product Of each sort of office Being tasked separately To conduct a search In the way that it knows Will best find records Within its particular databases And systems So a lot of these offices Are searching a particular system The sort of various systems That I just went through And so they sort of know How to pull a record From within that system It's not sort of An email search Like the information technology office did They're sort of trying to Target a particular record And as you can see They were successful in doing so With the exception of The use of force records Because there simply wasn't Such a record One other thing I'd like to address Which is this distinction Between the office Of professional responsibility And the office of internal affairs I think I can simplify That issue even further I think the issue Is not so much What is the Who is the office That is performing the search But where are they searching And what our declaration At JA 141 to 42 Describes is that The database The repository Where CBP stores Its investigatory records Is the joint integrity Case management system So whether it's The office of internal affairs That's in existence right now Or the office of Professional responsibility That's in existence right now The location of the record Is going to be The joint integrity Case management system That is the repository That was searched And that is the repository Where they located The documents about the report And do you feel like The affidavit Sufficiently explains Why you did or did not Choose certain search terms And is that something That the law requires I think I don't think the law requires That we submit a declaration Sort of addressing Each of the search terms That they propose The agency is ultimately Responsible for selecting The search terms I do agree with that But I'm asking about Your method for selection In other words Do you have a duty In your affidavit To describe Why you chose Your route In terms of The search terms Or why you Went You know Did not I think we certainly Need to argue that If it's brought into question I think we have I think we've said You know Given the content Of what she's asking about Which is an encounter With herself While traveling With a group of Syrian nationals She's applying for asylum The appropriate search terms Are her name Because she's the one Who would be involved In the encounter And the individuals That she was traveling with Because they were also Involved in the encounter We've also addressed I mean As an argumentative basis About Additional search terms Would not necessarily be Expected to locate Any additional efforts The search that we've performed Is incredibly reasonable As I said The search of the emails In particular Cast a very wide net Pulled in a lot of documents That they went through Individually To determine What was responsible Beyond just references To witnesses I'm sorry Beyond Just references To witnesses That's right It would have been When they went through To find what was responsive Meaning they looked For documents That were about her encounter With the CBP agents Are there no further questions Thank you Mr. Walker Thank you Please affirm I'll give you two minutes Mr. Fels Thank you How do we know That there were no Communications with CRCL And the commissioners Unless it's in the affidavit If we've got to rely On the affidavit It would be in there There's no search Described That would include Those records Mr. Fels What about the fact That this issue Was not raised below Even though it was An argument that was available During the summary Judgment briefings In the district court Certainly It would have been Better Had it been done Had it done so However What was raised there The issue was that Filed the second motion For summary judgment And in the response That included the email Between CRCL And the deputy commissioner In a footnote That's where CBP responds That no, in fact OPR and the office Of internal affairs Are separate offices At that point It's not clear Whether there was Any need to cite That to the policy Because it seemed Very clear from that email That yes, there's An office of internal affairs Yes, there are Communications between CRCL And the commissioner That seems like That should be enough To defeat The motion for Summary judgment alone But then we also Get back to the fact Of CBP Does not Does not mention Nor seem to have Followed through With what it knows To be its own policy Why wouldn't this Already be in the Affidavit Why wouldn't they Just go through And do the search That is based off Of their own process There's no mention Of the diversity In civil rights office Either We don't know Anything about that Thank you Mr. Felsen The case is submitted
judges: Rao; Childs; Edwards